**The below described is SIGNED.**

**Dated: February 10, 2006**

**JUDITH A. BOULDEN
U.S. Bankruptcy Judge**



___

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>CROCKER COMPANIES, INC. dba<br>CITY TITLE INSURANCE AGENCY dba<br>CITY TITLE INSURANCE BROKERAGE,<br><br>Debtor. | Bankruptcy No. 03-22839<br><br>Chapter 7 |
| STEPHEN W. RUPP, TRUSTEE OF THE BANKRUPTCY ESTATE OF CROCKER COMPANIES, INC., and R. KIMBALL MOSIER, TRUSTEE OF THE BANKRUPTCY ESTATE OF EMPIRE INVESTMENT GROUP, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MARTIN POOL dba P&B MORTGAGE, P&B ENTERPRISES, and DOES 1 through 15,<br><br>Defendants. | Adversary Proceeding No. 04-2837<br><br>Judge Judith A. Boulden |

**MEMORANDUM DECISION GRANTING TRUSTEE'S
MOTION TO WITHDRAW ADMISSION AND DENYING
P&B ENTERPRISES' MOTION FOR SUMMARY JUDGMENT**

## JURISDICTION AND LEGAL STANDARD

This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E), (F), (H), and (O), and the Court may enter a final order.[1] Federal Rule of Bankruptcy Procedure 7056 makes summary judgment appropriate when, after consideration of the record, the Court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] In applying this standard, the Court examines the factual record in the light most favorable to the nonmoving party.[3] The party opposing summary judgment may not rely on mere allegations or denials in its pleadings or briefs, but must identify specific and material facts for trial and significant probative evidence supporting the alleged facts.[4] There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."[5] The moving party has the burden of establishing that it is entitled to summary judgment.[6]

---

[1] There is some question as to proper service in this case because there is no evidence of service of the amended Complaint and reissued summons on the docket and no Answer is on file from P&B Enterprises. Martin Pool, however, apparently filed two Answers – one to the original Complaint and one to the amended Complaint. When the Court brought this matter to the parties' attention at the hearing, both parties were surprised and were instructed to resolve the matter as necessary to clarify the record. In any event, the parties represented at the hearing that they are proceeding as if service on P&B was properly effected and that an Answer by P&B had been filed.

[2] FED. R. CIV. P. 56(c).

[3] *See Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

[4] *Burnette v. Dresser Indus., Inc.*, 849 F.2d 1277, 1284 (10th Cir. 1988).

[5] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Based on the parties' representations at the hearing, Martin Pool's Motion for Summary Judgment was granted.[7] Thus, the only remaining matters are the Trustee's Motion to Withdraw Admission and Defendant P&B Enterprises' Motion for Summary Judgment. P&B requests summary judgment on all causes of action in the Amended Complaint because the transferred money was allegedly held in trust by the Debtor and, as such, was never property of the estate. P&B's motion is based solely upon the Trustee's alleged admission that the Debtor held the money in trust.

## TRUSTEE'S MOTION TO WITHDRAW ADMISSION

The Trustee, however, has moved to withdraw the alleged admission. As acknowledged by both parties, Federal Rule of Civil Procedure 36(b), incorporated into this proceeding by Federal Rule of Bankruptcy Procedure 7036, gives the Court discretion to allow withdrawal of an admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal . . . will prejudice that party in maintaining the action or defense on the merits." In addition to the *Bergemann* case cited by both parties that discusses Rule 36(b),[8] the Tenth Circuit has also spoken to Rule 36(b) more recently and in greater detail in *Raiser v. Utah County*.[9]

In *Raiser*, the Tenth Circuit stated that the first prong of the Rule 36(b) test "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the

---

[7] Counsel for Martin Pool was directed at the hearing to prepare an order granting Martin Pool's Motion for Summary Judgment. The parties also stipulated that no factual or legal conclusions would be drawn from the entry of summary judgment as to Martin Pool.

[8] *Bergemann v. U.S.*, 820 F.2d 1117 (10th Cir. 1987).

[9] 409 F.3d 1243 (10th Cir. 2005).

admissions would practically eliminate any presentation of the merits of the case."[10]  Just as in *Raiser*, P&B's Motion for Summary Judgment is based solely on an admission – in this case, the Trustee's admission that the transferred funds were being held in trust and, as such, are not avoidable transfers because the funds were never property of the estate.  Refusing to permit withdrawal of the Trustee's admission would thus "eliminate any presentation of the merits of the case" as to the nature and operation of the Checking Account and would not aid in resolving this matter based on the actual circumstances of the case.  The Court finds that the first prong of the test has been satisfied.

As for the second prong of the Rule 36(b) test, the Tenth Circuit stated in *Raiser* that "[m]ere inconvenience does not constitute prejudice," nor does the fact that "the party who obtained the admission now has to convince the [trier of fact] of its truth."[11]  Also, "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.  The prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."[12]

Under the circumstances of this case, the Court is not satisfied that P&B has demonstrated the requisite prejudice.  First, both the original and amended Complaints allege the Trustee's interest in the disputed funds and seek resolution of the dispute as to the relative interests of the Trustee and P&B.  Thus, as in *Bergemann*, P&B knew or should have known that the Trustee was challenging the ownership of the disputed funds.  Second, discovery in this

---

[10]  *Id.* at 1246 (internal quotes omitted).

[11]  *Id.* (internal quotes omitted).

[12]  *Id.* (internal quotes, diacritics, and citations omitted).

proceeding does not close until May 15, 2006, so P&B has significant additional time to obtain evidence with which to defend this case on the merits. Finally, as stated by the Tenth Circuit, preparation of a summary judgment motion is insufficient prejudice to justify denial of an otherwise appropriate request to withdraw an admission.

Accordingly, the Court finds that both prongs of the Rule 36(b) test have been met and will exercise its discretion to grant the Trustee's Motion to Withdraw Admission.

### P&B'S MOTION FOR SUMMARY JUDGMENT

Because P&B's Motion for Summary Judgment is based solely on the Trustee's admission, the Court must deny summary judgment based on withdrawal of that admission. But even if the admission were not withdrawn, the Court would still deny summary judgment because the Trustee has sufficiently raised genuine issues of material fact as to the true nature and operation of the Checking Account. Additionally, even if the existence of a trust were presumed in this case, that fact alone would be insufficient as a matter of law to grant summary judgment in favor of P&B. More than the mere existence of a trust must be shown in order to exclude assets from property of the estate.



For all the foregoing reasons, the Trustee's Motion to Withdraw Admission is granted, and P&B's Motion for Summary Judgment is denied. The Trustee is hereby directed to prepare a separate order in accordance with the Court's ruling.

-------------------------------END OF DOCUMENT------------------------------

_____ooo0ooo_____

SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION GRANTING TRUSTEE'S MOTION TO WITHDRAW ADMISSION AND DENYING P&B ENTERPRISES' MOTION FOR SUMMARY JUDGMENT** will be effected through the Bankruptcy Noticing Center to each party listed below.

| | |
|---|---|
| Jeremy C. Sink<br>McKay Burton & Thurman<br>170 South Main Street<br>Suite 800<br>Salt Lake City, UT 84101<br>　　Counsel for Plaintiff | H. Thomas Stevenson<br>3986 Washington Blvd.<br>Ogden, UT 84403<br>　　Counsel for Defendants Martin Pool<br>　　and P&B Enterprises |

ORDER SIGNED